[L. A. No. 1691. In Bank.—October 19, 1904.]

A. J. GAYLORD, Petitioner, v. CHARLES F. CURRY, Secretary of State, Respondent.

ELECTIONS—OFFICIAL BALLOT—CONGRESSIONAL DISTRICT — PERCENTAGE OF VOTE OF STATE.—In a congressional district where the provisions of the Primary Election Law are not mandatory, a political party which has cast three per cent of the entire vote of the state at the last election is entitled to nominate a member of the house of representatives in Congress for such district, and to have such nomination placed upon the official ballot by the secretary of state, notwithstanding three per cent of the vote of such party was not cast within such district.

PETITION for Writ of Mandate to the Secretary of State.

The facts are stated in the opinion of the court.

Cameron H. King, Emil Liess, and James Taylor Rogers, for Petitioner.

· U. S. Webb, ·Attorney-General, and E. B. Power, Deputy Attorney-General, for Respondent.

THE COURT.—This is an application by petitioner for a peremptory writ of madate directed against the secretary of state, to compel that officer to certify petitioner's name as a candidate of the Socialist party for member of the house of representatives in Congress of the United States for the first congressional district of California to each county clerk within the said first congressional district. It is made to appear that the Socialist party of California cast three per cent of the votes at the next preceding state election, but did not cast three per cent of the votes in the congressional district above mentioned. It is further made to appear that in no portion of this congressional district are the provisions of sections 1357 to 1375 of the Political Code relative to mandatory primary elections in force or effect. Under this state of facts the secretary of state justifies his refusal under the provisions of section 1361 of the Political Code to the following effect: "All political parties which, at the last election prior to any ensuing primary election herein provided for, polled at least three per cent of the entire vote of the state, county, district, city and county, city or town, or other political division for which a primary election is to be held under the provisions of this chapter, or which, in ·the case of any county, city and county, township, city or district wherein no general election shall have been held after its organization, shall have polled at least three per cent of the votes cast in the precincts composing such county, city and county, township, city or district, shall be entitled to a designation and place upon the official ballot to be used in all elections for delegates under this chapter, upon complying with the ·provisions of this section."

Under this it is contended that as the Socialist party failed to cast three per cent of the votes in this particular district it is not entitled to designation and place upon the congressional ballot.

The supreme court of the state of Illinois was called upon to construe a section of the revised statutes of that state similar in language and identical in effect to our own, and it held that if a political party had cast the requisite number

of votes in a general state election it was entitled by virtue of that fact to have its nominees for local and district officers placed upon the ballot, even if it had not cast the requisite percentage of votes in the particular county or district for which the nomination was made. (*People* v. *Williamson,* 185 Ill. 106.) The conclusion that such is the correct interpretation of the statute is, so far as our law is concerned, strengthened by the language of section 1186 of the Political Code, where it is provided: ''If such convention be assembled to present candidates for public office to be elected within territory or a political division in no portion of which said sections of this code are mandatory or in force and effect, then and in such event the political party which such organized assemblage of delegates represents, must have at the last election before the holding of such convention polled at least three per cent of the *entire vote of the state,* or of the county, city and county, district or other political division for which nominations are to be made.'' Here is an unmistakable declaration that in a congressional district such as this, where the provisions of the primary law are not mandatory, if a political party shall have cast three per cent of the entire vote of the state it shall be entitled to nominate officers from such district and to have their names placed upon the official ballot.

Let a peremptory writ of mandate issue commanding the respondent, Charles F. Curry, secretary of state of the state of California, to certify the name of petitioner, A. J. Gaylord, as a candidate of the Socialist party for member of the house of representatives in Congress of the United States for the first congressional district of California, to each county clerk within the said first congressional district, as required by the provisions of section 1193 of the Political Code of California.